## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (hereinafter, the "Agreement") is entered into by and between Plaintiffs Sebastian Portillo and Secundino Moran (collectively, "Plaintiffs") and Defendants Coleman Plan A Group LLC d/b/a Monroe, Kiki's Plan A Group LLC d/b/a Kiki's, and Pavlos Sierros a/k/a Paul Sierros (collectively, "Defendants"). Plaintiffs and Defendants shall hereinafter be referred to collectively as the "Parties."

### RECITALS

**WHEREAS**, Plaintiffs filed a civil action styled *Sebastian Portillo, et al. v. Coleman Plan A Group LLC, et al.* in the United States District Court for the Southern District of New York, Case No. 1:19-cv-03738 (JMF) (hereinafter, the "Action");

**WHEREAS**, Plaintiffs claimed violations of the Fair Labor Standards, 29 U.S.C. §201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA");

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action as to themselves; and

**WHEREAS**, nothing contained herein shall be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statute, regulation, code or ordinance; or (2) any legal, common law or equitable duty owed by the Defendants to anyone.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

**Recitals**: The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

1.    **Consideration**

In consideration for the promises that the Plaintiffs have made in this Agreement, Defendants agree to pay the total gross sum of Seventy-Five Thousand Dollars ($75,000) (the "Settlement Payment"), apportioned as follows:

      (a)    On January 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

            1.    One check payable to "Sebastian Portillo" in the amount of Four-Thousand Seven-Hundred Sixty-Two

Dollars and Thirteen Cents ($4,762.13), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2. One check payable to "Secundino Moran" in the amount of Five-Thousand One-Hundred Fifty-Six Dollars and Sixty-Six Cents ($5,156.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3. One check payable to "Pechman Law Group PLLC" in the amount of Five Thousand Eighty-One Dollars and Twenty-One Cents ($5,081.21), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

b. On February 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1. One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2. One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3. One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

c. On March 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

    1.      One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

    2.      One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

    3.      One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

d.      On April 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

    1.      One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

    2.      One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

    3.      One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

e.      On May 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1.    One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2.    One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3.    One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings.  Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

f.    On June 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1.    One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2.    One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3.    One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings.  Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

g.    On July 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law

Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1. One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2. One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3. One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

h. On August 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1. One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2. One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3. One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

i. On September 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall

deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1.  One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2.  One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3.  One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

j.  On October 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

1.  One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

2.  One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

3.  One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

k.     On November 15, 2020, or ten (10) days after Court approval of this Agreement, whichever occurs later, Defendants shall deliver the following checks to Plaintiffs' counsel, Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, New York 10022:

        1.     One check payable to "Sebastian Portillo" in the amount of One Thousand Nine-Hundred and Four Dollars and Eighty-Five Cents ($1,904.85), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount;

        2.     One check payable to "Secundino Moran" in the amount of Two-Thousand Sixty-Two Dollars and Sixty-Six Cents ($2,062.66), not subject to withholdings. Defendants shall issue an IRS Form 1099 in connection with this amount; and

        3.     One check payable to "Pechman Law Group PLLC" in the amount of Two-Thousand Thirty-Two Dollars and Forty-Eight Cents ($2,032.48), as attorneys' fees and costs, not subject to withholdings. Defendants shall issue an IRS Form 1099 to Pechman Law Group PLLC in connection with this amount.

2.     **Confession of Judgment**

Concurrently with the execution of the Settlement Agreement, Pavlos Sierros a/k/a Paul Sierros, on behalf of himself, Coleman Plan A Group LLC d/b/a Monroe, and Kiki's Plan A Group LLC d/b/a Kiki's, shall execute an Affidavit of Confession of Judgment in the forms attached hereto as Exhibit "A" and provide an original copy to Plaintiffs. In the event Defendants fail to pay any settlement payment in accordance with paragraph (1) above, Plaintiffs' counsel shall send a notice of default to Defendants' attorney, Christopher Travis, Esq., Travis Law PLLC, 80 Maiden Lane, Suite 304, New York, NY 10001, via e-mail at ctravis@travislawnyc.com. Defendants shall have ten (10) calendar days to cure any such default (the "Cure Period"). In the event that payment is not made within the opportunity to cure period, all outstanding and unpaid installment payments under this Agreement will become due immediately at the end of the Cure Period and Plaintiffs shall be entitled to file the Affidavit of Confession of Judgment, and to enter judgment in the amount of one hundred and fifty percent (150%) of the Settlement Payment, less any payments previously made.

3.     **Dismissal of Claims:**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed hereto as Exhibit B, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

4.      **Release of Claims:**

In consideration of the promises and actions of Defendants that are set out in this Agreement, except for Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf, Defendants Coleman Plan A Group LLC d/b/a Monroe, Kiki's Plan A Group LLC d/b/a Kiki's, and Pavlos Sierros a/k/a Paul Sierros, including their officers, members, successors, and assigns, including, but not limited to, Derek Tighe, Chinatown United Food Services LLC, and Chinatown Greek Food Services LLC (collectively, Defendants' officers, members, successors, and assigns, are referred to as "Releasees") of and from any and all claims raised pursuant to the FLSA, the NYLL, and the WTPA.  Notwithstanding the foregoing, the release in this paragraph is not effective and does not prevent Plaintiffs from asserting any of their claims under the FLSA, the NYLL, and the WTPA against Releasees, including  Derek Tighe, Chinatown United Food Services LLC, and Chinatown Greek Food Services LLC if Defendants default on any of their payment obligations and fail to cure such default as set forth in Paragraph 2.

Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement (including claims to enforce this Agreement) and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or state administrative agency.

5.      **Mutual Non-Disparagement:**

Plaintiffs agree that they shall not, in any manner, disparage Defendants in any forum or form, whether electronic or otherwise, including, without limitation, comments or statements to the press or any individual or entity which could adversely affect the conduct of Defendants' business or the reputation or interests of Defendants, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect Defendants' business or the reputation or interests of Defendants.  Pavlos Sierros similarly agrees that they shall not, in any manner, disparage Plaintiffs, in any forum or form, whether electronic or otherwise, including comments or statements to the press or any individual or entity which could adversely affect the reputation or interests of Plaintiffs, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely the reputation or interests of Plaintiffs.

Nothing in this paragraph is intended to limit the ability of any party to communicate truthfully regarding their experience with the litigation and shall not restrict any party's  ability to respond to any inquiry from applicable regulatory authorities.

6.      **Governing Law and Jurisdiction:**

This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York.  The Parties agree that the United States District Court for the Southern

District of New York shall retain jurisdiction over the enforcement of the terms of this Agreement. The Parties agree that any litigation to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York.

### 7.    Interpretation:

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel and shall not be construed against the "drafter" of the Agreement.

### 8.    Modification of Agreement:

This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

### 9.    Entire Agreement:

This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

### 10.    Headings:

The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

### 11.    Signatures in Counterparts:

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

### 12.    Attorneys' Fees and Costs:

Plaintiffs acknowledge that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements executed by the Plaintiffs in this case.

### 13.    Prevailing Party

It is agreed that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

### 14.    Representation:

The undersigned Parties hereby expressly state that they have fully consulted with

their respective legal counsel prior to executing this Agreement, and are executing this Agreement, of their own free will, after full consultation with their respective legal counsel.

### 15.    Reconocimiento en Español (Spanish Acknowledgment):

Sebastian Portillo and Secundino Moran (colectivamente, "Los Demandantes") representan que su idioma materno es el español y que sus abogados de Pechman Law Group PLLC han repasado todos los términos de este Acuerdo con ellos en español. Los Demandantes han entendido todos los términos de este Acuerdo y los aceptan voluntariamente al firmar el Acuerdo.   Sebastian Portillo and Secundino Moran (collectively, "Plaintiffs") represent that their primary language is Spanish and that their counsel, Pechman Law Group PLLC, has reviewed all terms of this Agreement with them in Spanish. Plaintiffs have fully understood all terms of this Agreement and voluntarily accept them by signing below.

**[SIGNATURE PAGES TO FOLLOW]**

**Plaintiffs:**

01-14-20

Date

Sebastian Portillo

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )

    I hereby certify that Sebastian Portillo, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 2022

Given under my hand and official seal this 14 day of January, 2020.

Notary Public

01-14-20

Date

Secundino Moran

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )

    I hereby certify that Secundino Moran, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 2022

Given under my hand and official seal this 14 day of January, 2020.

Notary Public

11

**Defendants:**

Coleman Plan A Group LLC d/b/a Monroe

Signature: _____
By: _____
Title: _____
Date: _____

STATE OF NEW YORK                    )
                                     ) ss.:
COUNTY OF _____                    )

On the _____ day of _____ in the year 20___, before me, the undersigned, a notary public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his capacity, and that, by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Given under my hand and official seal this _____ day of _____, 20___.

_____
Notary Public

12

**Kiki's Plan A Group LLC d/b/a Kiki's**

Signature: _____

By: _____ Pawlas Siedra)

Title: _____ Owner

Date: _____ 1/14/2020

**STATE OF NEW YORK**          )
                                                    ) ss.:
**COUNTY OF _____**          )

On the _____ day of _____ in the year 20___, before me, the undersigned, a notary public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his capacity, and that, by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Given under my hand and official seal this _____ day of _____, 20___.

_____
Notary Public

Date

Pavlos Sierros

STATE OF NEW YORK ) 
) ss.:
COUNTY OF _____ )

On the _____ day of _____in the year 20___, before me, the undersigned, a notary public in and for the State of New York, personally appeared Pavlos Sierros, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Given under my hand and official seal this _____ day of _____, 20___.

_____
Notary Public

14

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
SEBASTIAN PORTILLO and SECUNDINO        :
MORAN,                                   :
                                         :
                    Plaintiffs,          :
                                         :
     -against-                           :    **19 Civ. 03738 (JMF)**
                                         :
COLEMAN PLAN A GROUP LLC d/b/a          :    **STIPULATION OF**
MONROE, KIKI'S PLAN A GROUP LLC d/b/a/  :    **DISMISSAL**
KIKI'S and PAVLOS SIERROS a/k/a PAUL     :
SIERROS                                  :
                                         :
                    Defendants.          :
----------------------------------------------------------------- X

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

     **WHEREAS,** on April 26, 2019, Plaintiffs filed a Complaint asserting claims for, *inter alia*, failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law §190 *et seq.* ("NYLL");

     **WHEREAS,** Plaintiffs and Defendants (the "Parties") reached a settlement of this action and Plaintiffs' claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

     **WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the NYLL, and/or time worked, and;

     **WHEREAS**, nothing contained in the Agreement shall be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever; and

15

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:    New York, New York
          January 14, 2020

PECHMAN LAW GROUP PLLC
*Attorneys for Plaintiffs*

By: _____
    Louis Pechman, Esq.
    Vivianna Morales, Esq.
    488 Madison Avenue, 17th Floor
    New York, NY 10022
    Tel.: (212) 583–9500

TRAVIS LAW PLLC
*Attorney for Defendants*

By: _____
    Christopher Travis, Esq.
    Travis Law PLLC
    80 Maiden Lane, Suite 304
    New York, NY 10001
    Tel.: (212) 248-2120

SO ORDERED.

_____
Hon. Jesse M. Furman

16

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SEBASTIAN PORTILLO and SECUNDINO :
MORÁN, :
                                          : **19 Civ. 03738 (JMF)**
                        Plaintiffs, :
                                          : **AFFIDAVIT OF**
           -against-                      : **CONFESSION OF**
                                          : **JUDGMENT**
COLEMAN PLAN A GROUP LLC D/B/A :
MONROE, KIKI'S PLAN A GROUP LLC D/B/A :
KIKI'S, and PAVLOS SIERROS A/K/A PAUL :
SIERROS, :
                                          :
                                          :
                         Defendants.          :
-------------------------------------------------------------------- X

Deponent Pavlos Sierros, hereby deposes and states:

1.  Deponent Pavlos Sierros currently resides at

    _____ County of _____.

2.  Deponent Is executing this Confession of Judgment individually and on behalf of

    Coleman Plan A Group LLC d/b/a Monroe and Kiki's Plan A Group LLC d/b/a

    Kiki's.

3.  Deponent, Pavlos Sierros, is an owner of Coleman Plan A Group LLC d/b/a

    Monroe and Kiki's Plan A Group LLC d/b/a Kiki's.

4.  Deponent Pavlos Sierros hereby confesses judgment herein and authorizes entry

    thereof against himself, Coleman Plan A Group LLC d/b/a Monroe and Kiki's

    Plan A Group LLC d/b/a Kiki's, jointly and severally, in the sum of One Hundred

    Thousand and Fifty Dollars and Zero Cents ($150,000.00), plus reasonable

    attorneys' fees incurred in entering and enforcing the judgment accrued, and

    interest monies owed as of the date of Defendants' failure to cure their breach of

    the Settlement Agreement at the rate of 9% as provided in N.Y. C.P.L.R. § 5004,

17

less any payments already received by Plaintiffs from Defendants, in the Southern District of New York (specifically, in the matter of *Sebastian Portillo, et al. v. Coleman Plan A Group LLC, et al.,* Case Number 19-cv-03738, before the Honorable Jesse M. Furman).

5.  Deponent Pavlos Sierros hereby authorizes entry of judgment against himself, Coleman Plan A Group LLC d/b/a Monroe and Kiki's Plan A Group LLC d/b/a Kiki's, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent resides, or in any other county of competent jurisdiction.

6.  This Confession of Judgment is for debt justly due to the Plaintiffs arising out of the settlement of their claims against Deponent in an action entitled *Sebastian Portillo, et al. v. Coleman Plan A Group LLC, et al.,* Case Number 19-cv-03738, filed in the United States District Court for the Southern District of New York.

7.  Pursuant to Paragraph 2 of the Settlement Agreement, in the event the Defendants fail to pay any portion of the Settlement Amount when due under Paragraph 1 of the Settlement Agreement, and Plaintiffs' counsel has notified Defendants of the default in the manner provided in Paragraph 2 of the Settlement Agreement, and Defendants have failed to cure the default within ten (10) calendar days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to one hundred and fifty percent (150%) of the amount due, minus all payments made by Defendants towards the settlement at the time of a default, if default should occur.

8.   The clerk of the court is authorized to enter judgment against myself, Pavlos Sierros, Coleman Plan A Group LLC d/b/a Monroe and Kiki's Plan A Group LLC d/b/a Kiki's, jointly and severally, upon the submission to the clerk of the court

of: an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the action entitled *Sebastian Portillo, et al. v. Coleman Plan A Group LLC, et al.,* Case Number 19-cv-03738, filed in the United States District Court for the Southern District of New York; and an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter.

9. Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Christopher Travis, Esq., Travis Law PLLC, 80 Maiden Lane, Suite 304, New York, NY 10001, via e-mail at ctravis@travislawnyc.com, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

10. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

11. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability and is not an installment loan within the prohibition of CPLR §3201.  This confession of judgment is for a sum liquidated in amount that is due and owing.

_____
Pavlos Sierros, on behalf of himself,
Coleman Plan A Group LLC d/b/a
Monroe, and
Kiki's Plan A Group LLC d/b/a Kiki's

STATE OF NEW YORK          }
                           }ss.:
COUNTY OF _____        }

      On the _____ day of _____in the year 20__, before me, the undersigned, a notary public in and for the State of New York, personally appeared Pavlos Sierros, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

20