UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SEBASTIAN PORTILLO et al.,                                              :
                                                                        :
                                        Plaintiffs,                     :    19-CV-3738 (JMF)
                                                                        :
                -v-                                                     :    ORDER APPROVING
                                                                        :        SETTLEMENT
COLEMAN PLAN A GROUP LLC d/b/a MONROE et                                :
al.,                                                                    :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 45. By Order entered December 26, 2019, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* ECF No. 46.

       The Court, having reviewed the parties' joint motion, dated January 14, 2020, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

       The settlement approval is subject to the following conditions. First, any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it. Second, to the extent the settlement agreement allows Plaintiffs' counsel to deduct fees and costs from any payment installation, it is hereby modified to allow counsel to deduct no more than a pro rata share of each installment.

       In addition, Plaintiff seeks approval of $25,406.06 in attorney's fees and costs. *See* ECF No. 47, at 4. Although the proposed award of attorney's fees is high relative to the size of the

Plaintiffs' claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiffs and their attorneys. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorney's fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here. The Court makes no finding with respect to the reasonableness of Plaintiffs' counsel's hourly rates.

        Accordingly, the Court approves the settlement subject to any modification discussed above. The Court dismisses the case with prejudice. All pending motions are moot.

        The Clerk of the Court is directed to terminate ECF No. 47 and close this case.

        SO ORDERED.

Dated: January 21, 2020
      New York, New York

                                                    JESSE M. FURMAN
                                             United States District Judge